# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN OMAR BRAXTON, SR., | ) | CASE NO. 7:17CV00422 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FAULKNER, et al., | ) | By: Norman K. Moon |
|     Respondent. | ) | Senior United States District Judge |

Plaintiff Brian Omar Braxton, Sr., a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that he should be resentenced because of the defendant's wrongful actions. After review of the record, I conclude that the Complaint must be construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and summarily dismissed without prejudice for failure to exhaust available state court remedies.[1]

The Complaint and state court records online indicate that Judge Harrell of the Grayson County Circuit Court revoked Braxton's probation in August 2017 and ultimately sentenced him to an active sentence of ten months' imprisonment in Case No. CR16-138-01. Braxton has filed two habeas corpus petitions in the Supreme Court of Virginia, both of which are currently pending, Case Nos. 180353 and 180354.

Braxton filed this § 1983 action in September 2017, naming Sgt. Faulkner, Deputy Superintendent Bowman, and Superintendent G. P. Wiston as defendants. Braxton contends that the defendants did not properly credit his time spent in jail awaiting his probation revocation hearing under Va. Code § 53.1-187. As relief in this lawsuit, Braxton seeks to be released

---

[1] Rule 4 of the Rules Governing Section 2254 Cases authorizes summary dismissal of a habeas corpus action if it is clear that the petitioner is not entitled to relief.

immediately, to receive $100 a day for each day held against his will, to receive $50,000 from each defendant for pain and suffering, and $100,000 in punitive damages against each defendant.

"Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, however, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). An inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Id.*; *see also* 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

A district court is not constrained by a litigant's style of pleading and may liberally construe a civil rights complaint as a habeas petition under § 2254. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a habeas corpus petition, rather than a civil rights complaint under § 1983, a court must consider whether the "core" of the litigant's claim concerns the fact and/or duration of the litigant's confinement. *Preiser*, 411 U.S. at 500.

As stated, Braxton claims that the defendants' actions unfairly prevented him from receiving credit for time spent in prehearing detention and seeks, as relief, immediate release. Because Braxton is clearly contesting the length of his confinement in the Virginia prison system, his claims are not cognizable under § 1983. *Id.* Rather, the appropriate federal cause of action in which to pursue such relief is a habeas corpus petition under 28 U.S.C. § 2254. *Id.* Therefore, I conclude that Braxton's pleading is appropriately construed as a Petition for a Writ of Habeas Corpus under § 2254.

A federal court cannot grant habeas relief under § 2254 unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If the petitioner clearly has available state court remedies remaining, the federal court must dismiss the § 2254 petition without prejudice to allow him to utilize those remedies. *Slayton v. Smith*, 404 U.S. 53, 54 (1971).

As stated, Braxton presently has habeas corpus proceedings in progress in the Supreme Court of Virginia. Because Braxton clearly has not yet exhausted available state court remedies, I conclude that I must summarily dismiss his § 2254 petition without prejudice to allow him to pursue his claims first in state court.

A separate Final Order will be entered herewith.

**ENTER:** This  22nd  day of May, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE